Mr. Justice Scott delivered the opinion of the Court. The defendant was indicted, in the Lafayette circuit court, for obstructing a public road. In the first count, after the ordinary specification of time and place, it was charged that the defendant “did then and there obstruct .a public road by running a fence across said public road, contrary to the statute,” &c.; and in the other, that he “did then and there obstruct a public road, leading from Lewisville to Minden and Camden, by then and there running a fence across said public road, contrary to the form of the statute,” &c. In neither count, is the offence charged laid with a continuendo, coupled with an averment that the defendant had been ordered to remove the obstruction by the overseer of the road, which would be indispensable, if the State proceeded for the additional forfeit of two dollars per day, under the provisions of the statute. The plea of “ not guilty,” was interposed, and upon the issue joined the verdict of the jury was for the defendant, and from the-judgment that was rendered accordingly, the State appealed. Pending the trial, the State, by her prosecuting attorney, excepted to the ruling of the court excluding the only testimony offered, and set it out in- the bill of exceptions that was made a part of the record. From this, it appears that the State offered to prove, by the records of the county court of Lafayette county, that, in the years 1843 and ’44, that court appointed an overseer of the road in question, and also offered to prove, by witnesses-who were then present in court, that it had been used as a public road for the last fifteen years — the prosecuting attorney stating to the court, in connection with this offer to produce testimony, that this was all the testimony that he-should offer to prove1 the road in question a public road. We think the first count is not sufficiently certain; and although we shall sustain the second, we think that in cases where the county court have laid off the roads of the county into road districts, as provided by the statute, (Digest, p: 899, chap. 140, sec. 3,) that it would be more in conformity with correct pleading to describe the road alleged to be obstructed, as thus designated and defined by the county court. After some consideration, we do not think it necessary to determine in this case, whether or not- a public highway may be established in this State, otherwise than in the statutory mode; because this indictment can only be sustained upon the statute, {lb., p. 901, sec. 14); and that, being a penal enactment, must not be extended beyond its obvious meaning, however important to the public interest to preserve our public roads from wilful obstructions of too frequent occurrence. The section of the statute upon which this indictment is predicated, although enacted in December, 1838, is but a substantial re-enactment, with much higher penalties, of one of the provisions of our first road law, approved February, 1838, which is, for the most part, still in force. Upon principles of fair interpretation, it ought therefore to be taken as one of the provisions of that first road law. And when so taken, the meaning of the words “ public roads ” in this section, is such only as is recognized in the first section of the act, and provided for in the second and the following sections, {Dig., chap. 140, secs. 1,2, &c.,) and would exclude any public highways that might be created by dedication and acceptance, either from the State, a county, a neighborhood, or a town. With this understanding, of the law, the question involved in this case is easily determined. The public roads contemplated by the enactment upon which this indictment rests, being such only as had been, previously to February, 1838, laid out in pursuance of law and not since vacated, and such as may have been laid out and opened agreeably to the provisions of our statute, the evidence to establish all such to be public roads, must be of record, unless the records have been destroyed: we take it as clear, from the public history of the country, that the roads contemplated by the first section, were such only as had been laid out under the laws of Congress, while this State was a territory of the federal government. Secondary evidence, then, was not competent to prove what should have been shown by primary record evidence, otherwise than in accordance with the doctrine of Pettit vs. Davis, (6 Eng. 439); and all that was offered by the State in this case, was of that character; and there being no foundation laid for its introduction, it was rightfully excluded by the court below. Finding no error in the record, the judgment must be affirmed with costs. Chief' Justice Watkins did-not sit in this case.